# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

Tina Marie H.,                                                Case No. 18-cv-3486-KMM

              Plaintiff,

v.                                                                           **ORDER**

Andrew Saul,

              Defendant.

_____

The above matter came before the undersigned on January 8, 2020 upon Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendant's Motion for Summary Judgment (ECF No. 14). The Court heard oral argument on the matter and then ruled on the record at the hearing. The Court carefully explained its reasoning during its ruling from the bench, and this order is intended to briefly restate that ruling.

The Court's evaluation of an ALJ's determination is performed with great deference to the ALJ. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). The Court reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the Commissioner's findings, the Court should not reverse those findings merely because other evidence exists in the record to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994).

Ms. H. received a partially favorable determination on June 7, 2018. She challenged the ALJ's finding that after December 16, 2016, she was no longer disabled by her migraine headaches. The Court found that the ALJ's decision was supported by substantial evidence in the record.

The Court found that there was evidence of substantial medical improvement within the record. Early records demonstrated that Ms. H. suffered headaches up to 20 days per month, which were poorly controlled by medication and not responsive to abortives like Imitrex or Maxalt. (*E.g.*, R. 466–67, 472, 475–78, 483–84, 569, 620–21, 625, 667, 697–98, 971, 1007.) However, the combination of a new drug and ongoing nerve blocks and Botox treatments resulted in "stable" headache symptoms—the medical records in 2017 indicate that Ms. H. experienced only 1–2 headaches per week, which lasted only minutes to hours, the symptoms of which were completely or nearly completely resolved by Maxalt. (R. 1120, 1159.)

Further, there was substantial evidence to support the removal of the 2 or more absences a month restriction from the RFC after December 16, 2016. In addition to the evidence that Ms. H.'s headaches improved in frequency, duration, and intensity, the record indicated that she could do normal activities and work with her migraines. (R. 1120, 1159.) And Ms. H. continued to work at the YMCA as a water aerobics instructor despite her migraines.

The Court determined that the ALJ carefully balanced Ms. H.'s subjective complaints with the medical record and her previous work history. Though he did not discuss the work history in detail in his determination, the ALJ spoke at length with Ms. H. about it during the hearing. (R. 54–60.) And though Ms. H. asserted that she could not work with her migraines, there was substantial evidence in the record to suggest that, at least after December 16, 2016, her condition had improved to the point where she could. Therefore, her subjective complaints were not entirely consistent with the record before the ALJ.

In sum, the Court found that the ALJ's determination was supported by substantial evidence in the record and that summary judgment in favor of the Commissioner was appropriate.

Accordingly, upon all of the files, records and proceedings herein, and for the

reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED
2. Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED.

Dated: February 19, 2020

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge